```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

FRANK E. ZARK,                    §
                                  §
                  Plaintiff,      §
                                  § Civil Action No. 3:08-CV-1619-D
VS.                               §
                                  §
AIR EXPRESS INTERNATIONAL         §
USA, INC., d/b/a DHL GLOBAL       §
FORWARDING a/k/a DANZAS AEI,      §
                                  §
                  Defendant.      §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Frank E. Zark ("Zark") brings this action against defendant Air Express International USA, Inc. d/b/a DHL Global Forwarding a/k/a Danzas AEI ("DHL"), alleging that DHL terminated him based on a disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. DHL moves for summary judgment, contending, *inter alia*, that Zark cannot show he is disabled within the meaning of the ADA. DHL also requests that the court impose sanctions. Concluding that a reasonable trier of fact could not find that Zark is disabled, the court grants DHL's motion for summary judgment, but it denies DHL's request for sanctions.

I

Zark began working in 1996 as a driver/dockman at DHL's station at the Dallas/Fort Worth International Airport.[1] As a

---

[1] In recounting the factual background, the court summarizes the evidence in the light most favorable to Zark as the summary

driver, Zark was required to operate forklifts, trailer trucks, and box trucks.[2]  Because state law required that Zark hold a Class A Commercial Drivers License ("CDL") to operate the trailer trucks, DHL also required that he hold the CDL as a condition of his employment.  Zark also held an endorsement for transporting hazardous materials.

At some point, Zark began experiencing panic attacks as a result of driving the trailer trucks (although not the box trucks or other vehicles).  Due to his union seniority, Zark was able to pass trailer truck driving assignments on to junior coworkers, which enabled him to work on the dock or drive box trucks.  On June 13, 2007 DHL needed to ship two shipments containing hazardous materials.  A DHL manager approached Zark about handling the shipment.  Zark declined, stating that he had left his CDL at home.  The manager then instructed Zark to clock out, go home, and return with his CDL.  Instead of returning to work, Zark went to the Department of Motor Vehicles, where he downgraded his CDL from a Class A with hazardous materials endorsements to a Class B without hazardous materials endorsements.  Zark returned to work the next

---

judgment nonmovant and draws all reasonable inferences in his favor.  *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[2]A "box" truck is a truck without a trailer that is smaller than a trailer truck.  It is also called a "bobtail" truck.

day and was given a disciplinary letter.

Several days later, he was informed, per the terms of his union's collective bargaining agreement, that he had to reinstate his Class A CDL by June 25, 2007 or provide a documented regulatory or medical reason for not doing so. Zark failed to upgrade the CDL or provide a reason for failing to do so; DHL gave him several more opportunities to comply with its mandate, but Zark consistently refused. After the warnings went unheeded, DHL terminated Zark on July 24, 2007. After a grievance hearing involving Zark's union and DHL, DHL reinstated his employment but, based on the conclusion of the grievance committee, again required that Zark regain his Class A CDL or see a specially-retained psychiatrist. Zark did neither, and his original termination was reinstated on November 19, 2007. This lawsuit followed, alleging that DHL terminated Zark in violation of the ADA. DHL moves for summary judgment dismissing this action.[3]

II

Because Zark will bear the burden of proof on his claim at trial, DHL can obtain summary judgment by pointing the court to the absence of evidence of any essential element of Zark's claim. *See*

---

[3]DHL filed on January 26, 2010 a motion to strike parts of Zark's summary judgment evidence, contending they are conclusory and unsubstantiated. The court need not address the motion because, even considering the admissible portions of this evidence, Zark has failed to demonstrate that a reasonable jury could find that he is disabled. The motion to strike is therefore denied as moot.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once DHL does so, Zark must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Zark's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Zark's failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the Zark fails to meet this burden.  *See Little*, 37 F.3d at 1076.

### III

The ADA mandates that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability . . . in regard to discharge of employees."  42 U.S.C. § 12112(a).  To prevail on a discrimination claim under this provision, Zark "must prove that 1) he has a 'disability'; 2) he is 'qualified' for the job; and 3) an adverse employment decision was made solely because of his disability."  *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996) (per curiam) (citing *Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.3d 758, 763 (5th Cir. 1996)). "'Disability' as used in the ADA means: '(A) a physical or mental impairment that substantially limits one or more of the major life

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 613 (5th Cir. 2001) (quoting 42 U.S.C. § 12102(2)). "[T]he duty to make a reasonable accommodation arises only when the individual is disabled[.]" *Cannizzaro v. Neiman Marcus, Inc.*, 979 F. Supp. 465, 475 (N.D. Tex. 1997) (Solis, J.).

DHL points to the absence of evidence that Zark is disabled, contending that he cannot show a limitation of any major life activity, including work. Zark asserts that "he is substantially limited and is disabled in the major life activity of 'work.'" P. Br. 18. Zark "does not make a claim that DHL regarded him as disabled." *Id.* Nor does he point to a record of past impairment, instead contending that the ailment developed over time and escalated until the time he was discharged.

"To be substantially limited in the major life activity of working, one must be 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Blanks v. Sw. Bell Commc'ns, Inc.*, 310 F.3d 398, 401 (5th Cir. 2002) (quoting 29 C.F.R. § 1630.2(j)(3)). "If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs." *Dupre*, 242 F.3d at

614 (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999)).  "While an individual need not be completely unable to work, one is not substantially limited in working if he or she is unable to perform a single job or a narrow range of jobs." *Blanks*, 310 F.3d at 401.

Zark contends that his impairment prevents him from working in the narrow range of jobs involving driving tractor trailers. Significantly, he "admits that he can do all the things except drive a big rig that is an 18-wheeler tractor trailer truck," P. Br. 4, and that he "can drive a car, a bobtail truck and a forklift," *id.* Zark has a Class B CDL and states that he is able to drive vehicles that require only this certification.

"In determining whether someone is restricted from performing a 'class of jobs,' the regulations contemplate considering the 'number and types of jobs utilizing similar training, knowledge, skills or abilities' to the person's former job, in a reasonably accessible geographical area, which are also foreclosed to the person because of his impairment." *Tullos v. City of Nassau Bay*, 137 Fed. Appx. 638, 648 (5th Cir. 2005) (per curiam) (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)). A "class of jobs" is defined by the Equal Employment Opportunity Commission regulations as "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical

area, from which the individual is also disqualified because of the impairment." *Crocker v. City of Kenner*, 2002 WL 31115255, at *8 (E.D. La. Sept. 23, 2002) (alteration in original) (quoting 29 C.F.R. § 1630.2(j)(3)(ii)(B)).  Zark entirely fails to look beyond the narrow classification of trailer truck driver to address the availability of other similar jobs in the area or his ability to perform these jobs.  To the contrary, he states that he is able to perform work similar to the type from which he alleges he is disqualified.

Zark has therefore failed to meet his summary judgment burden of adducing evidence that would enable a reasonable trier of fact to find that he is substantially limited in the major life activity of working and thus disabled on that basis under the ADA.  He cannot recover for ADA discrimination, including failure to provide a reasonable accommodation, because he is not disabled.[4]  The court therefore grants DHL's motion for summary judgment and dismisses this case with prejudice.

---

[4]The court assumes *arguendo* that this claim was properly asserted prior to being raised initially in Zark's summary judgment response.

IV

DHL requests an award of sanctions under 28 U.S.C. § 1927.[5] The court denies the request.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Punishment of counsel under § 1927 is to be sparingly applied. *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The threshold for awarding costs under the statute is higher than that set by Fed. R. Civ. P. 11, and there must be a showing of improper motive on the part of an attorney, independent of a showing that the claims pursued were baseless. *Id.* at 1300. To impose sanctions, the court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Section 1927 only authorizes shifting fees that are associated with "'the persistent prosecution of a meritless

---

[5]DHL also requests an award of sanctions under Fed. R. Civ. P. 11 and based on the court's inherent power. DHL has failed to address either ground adequately in its brief, and the court denies the request on these bases as well.

claim.'"  *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988)).  Sanctions may not be imposed for mere negligence on the part of counsel.  *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).  Because of the punitive nature of § 1927, the statute is strictly construed.  *Id.*

> To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, . . . and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial[.]

*Procter & Gamble*, 280 F.3d at 526 (emphasis in original; citations omitted).

DHL has not made the required showing under the relevant standards.  Its request for § 1927 sanctions is therefore denied.

\*   \*   \*

DHL's December 15, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.  DHL's request for sanctions is denied.  DHL's January 26, 2010 motion to strike is denied as moot.

**SO ORDERED.**

March 25, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE