IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK E. ZARK, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:08-CV-1619-D |
| VS. § | |
| § | |
| AIR EXPRESS INTERNATIONAL § | |
| USA, INC., d/b/a DHL GLOBAL § | |
| FORWARDING a/k/a DANZAS AEI, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Treating plaintiff Frank E. Zark's ("Zark's") April 5, 2010 motion for new trial as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment,* the court denies the motion.

The court granted the motion for summary judgment of defendant Air Express International USA, Inc. d/b/a DHL Global Forwarding a/k/a Danzas AEI ("DHL") in which it sought dismissal of Zark's claim that DHL terminated him based on a disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. *See Zark v. Air Express Int'l USA, Inc.*, 2010 WL 1141396, at *1 (N.D. Tex. Mar. 25, 2010) (Fitzwater, C.J.). In granting DHL's motion, the court held that Zark had failed to show

---

*Because the court did not conduct a trial in this case, the motion should not be treated as a motion for "new trial." *See, e.g., Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.). Because Zark filed the motion within 28 days after the entry of the judgment, it should be treated as a Rule 59(e) motion. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

he was disabled because he "entirely fail[ed] to look beyond the narrow classification of trailer truck driver to address the availability of other similar jobs in the area or his ability to perform these jobs."  *Id.* at *3.

In his motion, Zark advances only one ground that is worthy of discussion.  He contends that Congress in 2008 amended the ADA to liberalize the definition of "disability."  *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, § 2(a)8, 122 Stat. 3553, 3553 (2008).  The amendments explicitly overruled several Supreme Court cases.  This court relied in *Zark* on cases that, in turn, relied on Supreme Court cases that the legislation overruled.

Zark is not entitled to relief, however, because the 2008 amendments do not apply retroactively.  *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009) (applying authority from pre-amendment ADA cases where plaintiff's employment had been terminated before effective date of ADA Amendments Act) (citing *Rivers v. Roadway Express, Inc*. 511 U.S. 298, 313 (1999) ("Even when Congress intends to supersede a rule of law embodied in one of our decisions with what it views as a better rule established in earlier decisions, its intent to reach conduct preceding the 'corrective' amendment must clearly appear.")); *see also Carreras v. Sajo, Garcia & Partners*, 596 F.3d 25, 33 n.7 (1st Cir. 2010) ("[The ADA Amendments Act] is not retroactive where, as here, the disputed activity occurred before its passage and Congress

expressed no clear intent to make the statute retroactive.").

The ADA Amendments Act took effect on January 1, 2009. *See* ADA Amendments Act of 2008, 122 Stat. at 3559. DHL terminated Zark in 2007. *See Zark*, 2010 WL 1141396, at *1. Zark cannot invoke the ADA Amendments Act to recover against DHL.

Zark's other arguments in support of his motion do not merit discussion.

Zark's April 5, 2010 motion to alter or amend the judgment is denied.

**SO ORDERED.**

April 13, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE